J-A15024-21

## 2022 PA Super 36

| | | |
|---|---|---|
| ARTISAN BUILDERS, INC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SO YOUNG JANG | : | No. 47 EDA 2021 |

Appeal from the Order Entered November 17, 2020
In the Court of Common Pleas of Chester County Civil Division at No(s):
No. 2016-07178-ML

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

CONCURRING OPINION BY BOWES, J.:          **FILED FEBRUARY 28, 2022**

I join the Majority in full.  My esteemed colleague has clarified terms that have oft been used interchangeably and has cogently explained the meaningful differences between claims for *quantum meruit* and unjust enrichment.

I write separately to note that, while the prior decisions cited by the Majority did at times conflate the two phrases in their discussions,[1] none conflated the appropriate measure of damages in instances where the parties had a contractual relationship but a contract that was not legally enforceable. Regardless of the terminology utilized, this Court and our Supreme Court indicated that, when a benefit was conferred upon a party at its request, the

---

[1] *See* Majority Opinion at 7 n.4.

damages available in the absence of contract enforcement are the reasonable value of the services provided, not the value of the benefit retained.  ***See Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.***, 2 A.3d 526, 545 (Pa. 2010) (referencing both *quantum meruit* and unjust enrichment in considering reasonable legal costs paid by insurer, rather than benefit that the insured retained from the defense, as alleged damages in deciding whether the insured was "unjustly enriched" by the insurer's payment of defense costs after it was determined that the parties' contract did not require the insurer to defend the claim at issue); ***Ne. Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.***, 933 A.2d 664, 669 (Pa.Super. 2007) (stating that unjust enrichment is synonymous with *quantum meruit* and discussing a claim for payment by subcontractor against contractor as one of "unjust enrichment," but holding that damages were appropriately established by invoices detailing the value of the services rendered).

Accordingly, our decision today does not break new substantive ground. Rather, we seek to re-instill precision into the lexicon in applying well-established legal principles.  It is with the understanding that we do not run afoul of our duty to follow precedent that I join the Majority Opinion.

Judge Stabile joins this Concurring Opinion.

Judge Musmanno did not participate in the consideration or decision of this Concurring Opinion.